# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GARY L. HUGHBANKS, JR.,

:

Petitioner,

Case No. 1:07-cv-111

:

-vs-

Magistrate Judge Michael R. Merz

STUART HUDSON, Warden,

:

Respondent.

---

## DECISION AND ORDER CLARIFYING THE COURT'S ORDER ALLOWING EXPANSION OF THE RECORD

---

This capital habeas corpus case is before the Court on Respondent's Motions to Clarify (Doc. No. 82). Therein Respondent notes that his agreement to the Petitioner's Motion to Expand the Record (Doc. No. 80) was limited to agreeing that the referenced materials could be added to the record for the limited purpose of deciding whether Petitioner should be granted an evidentiary hearing.

The Motion to expand the record was granted because it was labeled as unopposed. The Motion could be read as asking that the added materials be considered on the merits in lieu of an evidentiary hearing.

> Habeas Rule 7 provides for the expansion of the record with materials relevant to the determination of the merits of the petition including permitting a petitioner to substantiate his grounds for relief.

(Motion, Doc. No. 80, at 3.)

The Motion to Clarify is GRANTED. Since Respondent's consent to the Motion was limited

-1-

as Respondent now explains, the Court's Notation Order granting the Motion is limited by that consent. That is, the materials referenced in the Rule 7 Motion will be considered only as supporting Petitioner's Motion for an Evidentiary Hearing. If Petitioner seeks instead to have them considered with respect to the merits of his Petition, he must file a motion to that effect explaining why the Court should accept them in lieu of live evidence at a hearing. Any such motion shall be filed not later than July 31, 2009.

This case is also before the Court on Respondent's Motion to Strike and for Reconsideration (Doc. No. 83). Given the clarification above, this Motion is moot. If Petitioner believes, based on this ruling, that he needs an evidentiary hearing broader in scope than is sought in the pending Motion for Evidentiary Hearing (Doc. No. 81), he may amend his motion for evidentiary hearing not later than July 31, 2009.

Petitioner's counsel shall notify opposing counsel forthwith whether he intends to broaden his Motion for Evidentiary Hearing. If so, Respondent's time to respond to the amended motion will be as set in S. D. Ohio Civ. R. 7.2. If no amended motion will be filed, Respondent's memorandum in opposition remains due on July 31, 2009.

The Court acknowledges Respondent's position that the State of Ohio has not waived exhaustion in this case.

July 20, 2009.

s/ **Michael R. Merz**<br>United States Magistrate Judge