# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GARY L. HUGHBANKS, JR.,

:

    Petitioner,

Case No. 1:07-cv-111

:

-vs-

Magistrate Judge Michael R. Merz

STUART HUDSON, Warden,

:

    Respondent.

---

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR EXPANSION OF THE RECORD

---

This capital habeas corpus case is before the Court on Petitioner's motion to expand the record in lieu of an evidentiary hearing (Doc. No. 87, captioned "Gary Hughbanks' Memorandum Concerning Exhaustion"). The Warden opposes the Motion in its entirety[1] (Doc. No. 88) and Petitioner has filed a Reply in support (Doc. No. 92).

### Due Diligence

Petitioner's first argument is that he exercised due diligence in the state courts in presenting the factual bases of the claims on which he now wishes to submit this evidence (Memorandum, Doc.

---

[1] The Warden previously agreed to expansion of the record with the materials sought to be added solely for the purpose of the Court's deciding whether to grant an evidentiary hearing. The Court clarified its grant of Petitioner's "Unopposed Motion under Rule 7 (Doc. No. 80) to limit the grant to the unopposed portion of the Motion (Order, Doc. No. 84).

-1-

No. 87, at 2-4.)

In making this argument, Petitioner expressly accepts the legal proposition that a habeas petitioner who seeks to expand the record in lieu of having an evidentiary hearing must satisfy, for the evidence sought to be added, the standards of 28 U.S.C. § 2254(e)(2) which provides:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that
> (A) the claim relies on
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Petitioner states "The requirements contained in Section 2254(e)(2) are also applicable to Habeas Rule 7 motions." *Id*. at 2, citing *Holland v. Jackson*, 542 U.S. 649, 653 (2004); *Owens v. Franks,* 394 F. 3d 490, 498-99 (7th Cir. 2005); and *Smith v. Palmateer,* 397 F. 3d 1236, 1241 (9th Cir. 2005). Respondent insists on the same legal proposition, relying on *Samatar v. Clarridge*, 225 Fed. Appx. 366 (6th Cir. 2007). The *Samatar* court also relied on *Owens* and on *Boyko v. Parke,* 259 F.3d 781 (7th Cir. 2001).

This Court agrees with the proposition because allowing a petitioner to introduce evidence through expansion of the record which he or she could not introduce at an evidentiary hearing

because of § 2254(e)(2) would subvert the purpose of Congress in adopting the statute as part of the AEDPA. Congress did not purport to amend Habeas Rule 7, but AEDPA and the Habeas Rules are *in pari materia* and should be interpreted consistently with one another to carry out the Congressional purpose[2].

To show that he exercised due diligence in presenting this material to the state courts, Petitioner points to his having twice moved the state trial court for permission to conduct discovery on his petition for post-conviction relief under Ohio Revised Code § 2953.21 and his pursuit of claimed error in the denial on appeal (Memorandum, Doc. No. 87, at 3-4). While the Warden responds at some length, his argument comes down to the assertion that "it is Hughbanks' failure to satisfy the state law requirements that is directly attributable to his failure to develop facts in state court." (Warden's Opposition, Doc. No. 88, at 5). Respectfully, this conclusion does not tell the Court why the Warden believes Petitioner's twice moving for discovery was not enough in the way of due diligence. If the Warden intends to rely on this claim when he eventually files a memorandum in opposition to Petitioner's expected renewed motion for evidentiary hearing, he must spell that out in considerably more detail, with reference to the record if the position is supported by record references. I.e., what did Petitioner fail to do that he should have done in the

---

[2] In interpreting statutes, courts should
    1. Decide what purpose ought to be attributed to the statute and to any subordinate provision of it which may be involved; and then

    2. Interpret the words of the statute immediately in question so as to carry out the purpose as best it can, making sure, however, that it does not give the words either (a) a meaning they will not bear, or (b) a meaning which would violate any established policy of clear statement.

Hart and Sacks, THE LEGAL PROCESS (Eskridge & Frickey ed. 1994), p. 1169.

state courts to satisfy the due diligence standard?

## Authority to Substitute Federal Discovery for an Evidentiary Hearing

Petitioner's second argument is that a federal habeas court has authority, assuming § 2254(e)(2) is satisfied, to expand the record on the merits, rather than conduct an evidentiary hearing (Memorandum, Doc. No. 87, at 4-5). Respondent makes no argument to the contrary and the Court agrees it has authority to proceed as Petitioner suggests. The 1976 commentary from the Rules Advisory Committee upon initial adoption of the Rules Governing § 2254 Cases do indeed suggest that sometimes the record can be expanded with the materials listed in Rule 7(b) in a way which will avoid the necessity of an evidentiary hearing. These Rules were, of course, adopted after the Supreme Court had invalidated all capital punishment in the country in *Furman v. Georgia,* 408 U.S. 238 (1972), and before States began reenacting the death penalty in response to *Gregg v. Georgia*, 428 U.S. 153 (1976). Thus it seems unlikely that the Advisory Committee had capital cases in mind since the description of the habeas caseload in the Notes does not mention any issues which might be peculiar to capital litigation. The Committee does quote from *Raines v. United States*, 423 F. 2d 526, 539-530 (4th Cir. 1970): "When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive, but that is not to say they may not be helpful."

## Should the Court Exercise Its Authority to Substitute Expansion of the Record for an Evidentiary Hearing in this Case?

In a capital case, this Court is very reluctant to substitute a paper record, either deposition

transcript or affidavits, for live testimony, especially over Respondent's objection. Fed. R. Evid. 1101(e) excepts from the Federal Rules of Evidence habeas corpus proceedings "to the extent that matters of evidence are . . . provided for in the statutes which govern procedure therein or in other rules prescribed by the Supreme Court pursuant to statutory authority: . . . " Presumably, that means Habeas Rule 7 permits admission of depositions and affidavits despite evidence rules against hearsay.[3] Nevertheless, the Habeas Rules do not create a presumption in favor of "paper" proof and the general preference for live testimony is well established in Anglo-American jurisprudence. 5 J. Wigmore, Evidence § 1364 (Chadbourn Revision 1974); *Ohio v. Roberts*, 448 U.S. 56, 62-64 (1980); *California v. Green*, 399 U.S. 149, 157 (1970); *Crawford v. Washington*, 541 U.S. 36 (2004); *Melendez-Diaz v. Massachusetts*, 557 U.S. ___, 129 S. Ct. 2527 (2009).

To the extent Petitioner seeks to submit "some of the records received from the Springfield Township Police Department" (Doc. No. 80 at 1), Habeas Rule 7 would appropriately allow those documents to be considered without also calling the custodian live to authenticate them. If Respondent has objections other than authenticity, he may raise them in opposition to Petitioner's expected renewed motion for evidentiary hearing. The remaining materials sought to be submitted in lieu of live testimony will be excluded unless Petitioner can persuade the Court in his renewed motion that there are no credibility issues involve with the testimony of the witnesses whose deposition transcripts are being offered.

The Court rejects Petitioner's argument that an evidentiary hearing would amount to a "re-

---

[3]Habeas Rule 7 does not mention depositions, but sworn deposition testimony which has been subjected to cross-examination is presumably more reliable than affidavit testimony, which has not. A fortiori, if affidavits can be considered, depositions can also be admitted under Rule 7.

do" of discovery. The drafters of the Federal Rules of Civil Procedure in the 1930's would have been amazed at such an argument, which turns ordinary litigation process on its head. The evidentiary hearing in habeas corpus practice is the trial and discovery should be thought of as trial preparation, not as a substitute for trial.

## Exhaustion

Claims made in federal habeas corpus must first be presented to the state courts if there is an available state court remedy. 28 U.S.C. §2254(b) and (c); *Picard v. Connor*, 404 U.S. 270 (1971). While the exhaustion doctrine is not jurisdictional and is thus waivable by the State, *Ex parte Royall*, 117 U.S. 241 (1886); *Granberry v. Greer*, 481 U.S. 129 (1987). 28 U.S.C. §2254(b)(3) as added by the AEDPA provides "A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." The Warden makes it very clear that he has not waived the exhaustion requirement in this case.

> Third, the Warden has no intentions of waiving exhaustion. To be clear, the Warden expressly states that he does not waive exhaustion and nothing herein or previously should in any way as a waiver under 28 U.S.C. § 2254(b)(3)

.
(Warden's Opposition, Doc. No. 88, at 5.) In response to this one brief paragraph, Petitioner has offered extensive argument to the effect that he has exhausted, that he has not by discovery converted an exhausted Brady claim to an unexhausted one, that the federal courts have rejected Respondent's [implicit] theory of conversion, that this Court should excuse exhaustion, or in the alternative, the Court should accept an abeyance motion (Petitioner's Reply, Doc. No. 92, at 3-13).

The Court declines to rule on arguments not made. Even though the Warden has not waived exhaustion, he has also not sought any relief on the basis of that doctrine, such as dismissal or abeyance pending exhaustion. Without urging any particular course of action on the Warden, the Court notes that if he leaves the exhaustion question to be decided after any evidentiary hearing, he will thereby have adversely impacted the State's interest in finality.

## Conclusion

The record remains expanded by the discovery materials submitted by Petitioner only for the purpose of determining whether an evidentiary hearing should be granted. Petitioner's renewed motion for evidentiary hearing shall be filed not later than September 17, 2009. The Court has made no ruling on any claim of lack of exhaustion by the State.

September 3, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge
