# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GARY L. HUGHBANKS, JR.,

    Petitioner,

    -vs-

STUART HUDSON, Warden,

    Respondent.

Case No. 1:07-cv-111

Magistrate Judge Michael R. Merz

## DECISION AND ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS PENDING EXHAUSTION

This capital habeas corpus case is before the Court on Petitioner's Motion to Hold Proceedings in Abeyance Until the State Court Proceedings Have Been Fully Exhausted (Doc. No. 100). The Warden opposes this Motion in its entirety (Doc. No. 103) and Petitioner has filed a Reply in support (Doc. No. 105).

Petitioner asserts that he has obtained material in federal habeas corpus discovery which prevents his Third and Tenth Claims for Relief from being completely exhausted. The Warden agrees with this proposition, thereby admitting there is a state remedy which is unexhausted, which Petitioner could now pursue. Rather than allowing that to happen, however, the Warden wants the Court to rule in his favor on the merits of those claims and dismiss them at this stage of the proceedings as meritless. While the Warden could waive exhaustion to allow the Court to reach the merits of these two claims and the other claims made in the Petition, the Warden declines to do so.

A state prisoner seeking federal habeas corpus relief must first exhaust the remedies available

to him in the state courts. 28 U.S.C. §2254(b) and (c); *Picard v. Connor*, 404 U.S. 270 (1971). While the exhaustion doctrine is not jurisdictional and is thus waivable by the State, *Ex parte Royall*, 117 U.S. 241 (1886); *Granberry v. Greer*, 481 U.S. 129 (1987). 28 U.S.C. §2254(b)(3) as added by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214), provides "A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement."

The Sixth Circuit has cautioned that in the absence of exceptional or unusual circumstances, principles of comity and federalism require that unexhausted claims be decided in the first instance by the state courts even if the State does not raise the defense. *O'Guinn v. Dutton*, 88 F.3d 1409 (6th Cir. 1996)(per curiam)(en banc). Here the Warden raises the defense and concedes there is a remedy – a subsequent post-conviction petition under Ohio Rev. Code § 2953.23. The Common Pleas Court that receives that claim will be able to adjudicate fully Petitioner's constitutional claims and articulate, if there are any, the state law procedural bars to considering those claims, many of which are argued in the Warden's Opposition. Thus the State is not prejudiced in any way by a stay of these proceedings: it will be able to litigate these claims first in its own courts. If it persuades the Common Pleas judge that the claims are meritless, it will return to this Court with a decision on that point at least potentially entitled to AEDPA deference.

While the AEDPA allows federal courts to deny unexhausted claims, this Court perceives that option as limited to claims which are plainly meritless, as often happens with claims made by *pro se* habeas corpus litigants. Where there exists a state forum to litigate these claims, it should be used. That has been this Court's uniform practice, at least in capital litigation, often over the

objections of petitioners.

The Court notes that, despite the use of the word "remand" by both parties, this is not a "remand order," but a stay pending initiation of new proceedings in the Common Pleas Court; this case was not "removed" to this Court from Common Pleas, nor could it have been.

Petitioner's Motion is GRANTED. All further proceedings herein are stayed and Petitioner is ordered to file his new petition for post-conviction relief in the Hamilton County Common Pleas Court not later than April 1, 2010. The parties shall keep this Court currently advised of the status of those proceedings.

January 29, 2010.

s/ **Michael R. Merz**<br>United States Magistrate Judge