# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

GARY HUGHBANKS,

        Petitioner,    :    Case No. 1:07-cv-111

- vs -

                              Magistrate Judge Michael R. Merz

STUART HUDSON, Warden,

                              :

        Respondent.

## DECISION AND ORDER ON MOTION TO DISMISS

This capital habeas corpus case is before the Court on the Warden's Motion to Dismiss for Untimely Filing (ECF No. 191).  Petitioner has filed a Response (ECF No. 195) and the Warden has filed a Reply in Support (ECF No. 197).

The Warden initially asserted the following claims were untimely filed:

| Claim Asserted Barred | Location of Claim in Second Am. Petition |
| --- | --- |
| 2nd Claim Miranda/polygraph | Doc 188, Page ID 15287-15290 |
| 4th Claim Miranda/coerced confession | Doc 188, Page ID 15293-15295 |
| 13th Claim (¶ 286) IAC, no suppression psych | Doc 188, Page ID 15328 |
| 13th Claim (¶ 299) IAC, liar/opening | Doc 188, Page ID 15331 |
| 13th Claim (¶ 304-305) IAC, Leeman cross | Doc 188 Page ID 15332-15333 |
| 13th Claim (¶ 307-308) IAC, Det. Kemper cross | Doc 188 Page ID 15333 |

| | |
|---|---|
| 13th Claim (¶ 309) IAC, no Kemper/Jay objection | Doc 188 Page ID 15333 |
| 13th Claim (¶ 334) IAC, no fingerprint match | Doc 188, Page ID 15338 |
| 14th Claim (¶ 357-381) IAAC direct appeal (excluding ¶ 375 – second claim: petit jury bias, Page ID 15346, and ¶ 375 – fourth claim: public trial, Page ID 15347) | Doc 188, Page ID 15334-15350 |
| 15th Claim (¶ 382-392) IAC, PC | Doc 188, Page ID 15350-15353 |
| 16th Claim (¶ 393-496) Ohio DP unconstitutional | Doc 188, Page ID 15354-15369 |
| 17th Claim (¶ 497-518) Ohio DP unconstitutional | Doc 188, Page ID 15369-15373 |
| 18th Claim (¶ 519-554) Ohio DP/PC uncon. | Doc 188, Page ID 15373-15380. |

(Motion, ECF No. 191, PageID 15446.) However, in his Reply, the "Warden accepts Hughbanks' representation and agrees that the following passages of Hughbanks [sic] second amended petition are subsumed within existing habeas claims: Second Claim for Relief, Thirteenth Claim for Relief ¶¶ 286, 299, 304-305, 307-08, and 334, and Fourteenth Claim for Relief, ¶¶ 357-81 (ECF No. 197, PageID 15756-58.) No further analysis is required of these claims.

Allegations made in an amended pleading "relate back" to the date of the original pleading and thereby escape the bar of the statute of limitations is the allegations arise out of the same transaction or occurrence originally pled. In the habeas corpus context, the Supreme Court has interpreted the relation back doctrine as follows:

> An amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground

>>for relief supported by facts that differ in both time and type from those the original pleading set forth.

*Mayle v. Felix*, 545 U.S. 644, 650 (2005). Relation back depends on a "common core of operative facts" between the new claim and the claim made in the original petition. *Cowan v. Stovall*, 645 F.3d 815, 818 (6th Cir. 2011)(quoting *Mayle v. Felix*, 545 U.S. at 650).

**Fourth Claim for Relief**

In the Second Amended Petition, in the summary paragraph on the Fourth Claim for Relief, Hughbanks alleges:

>>The trial court violated Hughbanks' rights to be free from self-incrimination, right to counsel, and due process as guaranteed by the Fifth, Sixth, and Fourteenth Amendments when it admitted his custodial statement which was not the product of his own free will but instead the product of the overreaching tactics employed by Detectives Millstone and Filippelli.

(2AP, ¶ 120, ECF No. 188, PageID 15295.)

The Warden argues that this claim does not relate back because the original Petition contains no allegation that Hughbanks' admissions were coerced as required by *Colorado v. Connelly*, 479 U.S. 157 (1986). In attempting to show the claim relates back, Petitioner merely quotes ¶ 55[1].

The Court agrees with Respondent's position. There are no allegations that Hughbanks' admissions were the product of police misconduct in the Petition or First Amended Petition. The Warden's Motion to Dismiss the Fourth Ground for Relief as untimely is GRANTED.

---

[1] Again misciting it as ¶ 56.

Petitioner concedes that his Fifteenth, Sixteenth, Seventeenth, and Eighteenth Claims for Relief are barred by the statute of limitations (ECF No. 195, PageID 15748.)  As to those four Claims for Relief, the Motion to Dismiss is also GRANTED.

January 31, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge