# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

GARY HUGHBANKS,

        Petitioner,        :     Case No. 1:07-cv-111

- vs -

                                    Magistrate Judge Michael R. Merz

STUART HUDSON, Warden,

                                  :

        Respondent.

## CORRECTED DECISION AND ORDER ON MOTION TO AMEND

This capital habeas corpus case is before the Court on the Petitioner's Motion for Leave to File an Amended Petition (ECF No. 203). The Warden opposes the Motion (ECF No. 204) and Hughbanks has filed a Reply in Support (ECF No. 209).

The parties have unanimously consented to plenary magistrate judge jurisdiction in this case under 28 U.S.C. § 636(c)(ECF No. 13).

Hughbanks seeks to add a Twenty-Second Ground for Relief as follows:

> Gary Hughbanks Execution Under Ohio Law Will Violate The Eighth Amendment Because Any Method That The Ohio Department Of Corrections And Rehabilitation Employs Has A Substantial, Objectively, Intolerable Risk Of Causing Unnecessary, Severe Pain, Suffering Degradation, Humiliation, And/Or Disgrace.

(ECF No. 203-1, PageID 15783.)

**Procedural History**

Hughbanks' original Petition was filed February 12, 2007, pleading fourteen grounds for relief, but not including any constitutional attack on lethal injection as a method of execution. On May 2, 2012, the Court allowed an amendment to add the following claims:

> **Fifteenth Ground for Relief:** Ohio's lethal injection protocol will cause Petitioner to be executed in a manner that constitutes cruel and unusual punishment. United States Constitution, Eighth and Fourteenth Amendments.
>
> **Sixteeenth [sic] Ground for Relief:** Ohio's lethal injection protocol will cause petitioner to be executed in a manner that violates equal protection. United States Constitution, Eighth and Fourteenth Amendments.

(ECF No. 131, PageID 1798-99.) The Amended Petition including these claims was then filed May 22, 2012 (ECF No. 134).

On February 12, 2016, Hughbanks again moved to amend (ECF No. 182) which the Court granted in part on June 14, 2016 (ECF No. 187) resulting in the filing of Petitioner's Second Amended Petition on June 24, 2016 (ECF No. 188). That document includes the notation that Hughbanks' Lethal Injection Habeas Claim (Ground Twenty-Two) was "dismissed without prejudice." *Id.* at PageID 15245. Actually, the Court had denied leave to add Ground Twenty-Two without prejudice to its renewal within thirty days of issuance of the mandate by the Sixth Circuit in the Stanley Adams habeas corpus case (ECF No. 187, PageID 15236). The instant motion was timely filed on that schedule.

# Analysis

The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. *See also Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997)(citing *Foman* standard).

In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.*, 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980); *United States ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 887 (S.D. Ohio 2013)(Rose, J.); *William F. Shea, LLC v. Bonutti Research Inc.*, 2011 U.S. Dist. LEXIS 39794, *28 (S.D. Ohio March 31, 2011) (Frost, J.).

Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman v. Davis*, 371 U.S. 178 (1962); *Prather v. Dayton Power & Light Co.*,

918 F.2d 1255, 1259 (6th Cir. 1990); *Bach v. Drerup*, 2012 U.S. Dist. LEXIS 35574, *1 (Ovington, M.J.); *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), *cert denied*, 517 U.S. 112 (1996)(amendment should be denied if it "is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."). In *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994), the court repeated and explicated the *Foman* factors, noting that "[d]elay by itself is not a sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted. *Id.* at 130, *quoting Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989). These considerations apply as well in capital habeas corpus cases. *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998), *quoting Brooks*, *supra*.

The Warden opposes the requested amendment on that grounds that it would be futile because it could not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6) because the proposed new claim is not cognizable in habeas corpus and is barred by the AEDPA one-year statute of limitations (Opposition, ECF No. 204).

Hughbanks replies that his proposed new ground is cognizable under the authority of *Adams v. Bradshaw*, 826 F.3d 306, 320-21 (6th Cir. 2016)(*Adams III* ).[1]

In *Adams I* the circuit court held, over Ohio's objection, that a challenge to the method of lethal injection could be brought in habeas corpus as well as in a § 1983 action. That is to say, availability of the § 1983 cause of action did not logically imply the absence of a § 2254 cause of action. Attempting to obey *Adams I*, this Court permitted amendments of habeas petitions to add lethal injection claims and indeed treated those claims as newly arising whenever Ohio's lethal

---

[1] There are three published opinions of the Sixth Circuit in Stanley Adams habeas corpus case: *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011); *Adams v. Bradshaw*, 817 F.3d 284 (6th Cir. March 15, 2016); and *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. June 13, 2016), referred to herein as *Adams I, Adams II*, and *Adams III* respectively.

4

injection protocol was amended. This reading informed the Magistrate Judge's allowance of the Amended Petition (ECF No. 68).

Then the Supreme Court appeared to call this Court's practice into question with its decision in *Glossip v. Gross*, 135 S.Ct. 2726 (2015):

> Petitioners contend that the requirement to identify an alternative method of execution contravenes our pre-*Baze* [*v. Rees*, 533 U.S. 35 (2008)] decision in *Hill v. McDonough*, 547 U. S. 573, 126 S. Ct. 2096, 165 L. Ed. 2d 44 (2006), but they misread that decision. The portion of the opinion in *Hill* on which they rely concerned a question of civil procedure, not a substantive Eighth Amendment question. In *Hill*, the issue was whether a challenge to a method of execution must be brought by means of an application for a writ of habeas corpus or a civil action under §1983. *Id.,* at 576, 126 S. Ct. 2096, 165 L. Ed. 2d 44. We held that **a method-of-execution claim must be brought under §1983** because such a claim does not attack the validity of the prisoner's conviction or death sentence. *Id.*, at 579-580, 126 S. Ct. 2096, 165 L. Ed. 2d 44.

135 S.Ct. at 2738(emphasis added). Changing course, this Court concluded the "must be brought" language precluded what it had been doing under *Adams I*. Then, in *Adams II* as clarified by *Adams III*, the Sixth Circuit decided *Glossip* did not implicitly overrule *Adams I*:

> Adams challenged the constitutionality of lethal injection on direct appeal, asserting that "[d]eath by lethal injection constitutes cruel and unusual punishment and denies due process under the state and federal constitutions." The Ohio Supreme Court rejected this claim, explaining it had "previously rejected similar arguments." *Adams*, 817 N.E.2d at 56 (citing *State v. Carter*, 89 Ohio St. 3d 593, 2000 Ohio 172, 734 N.E.2d 345, 358 (Ohio 2000)). Adams again challenged the constitutionality of execution by lethal injection in his federal habeas corpus petition. The district court denied this claim, noting that "lethal injection is the law of the republic. No federal court has found the lethal injection protocol to be unconstitutional." *Adams*, 484 F. Supp. 2d at 796 (citation omitted).
>
> As an initial matter, we note our recent holding that lethal injection does not violate the Constitution. See *Scott v. Houk*, 760 F.3d 497, 512 (6th Cir. 2014) ("Simply put, lethal injection does not violate

the Constitution per se . . . ."). In *Scott*, a similar challenge to the implementation of lethal injection was raised, as a panel of this court observed that "Scott's petition alleges that lethal injection 'inflicts torturous, gratuitous and inhumane pain, suffering and anguish upon the person executed.'" *Id*. at 511. Accordingly, the Ohio Supreme Court's denial of Adams's challenge to the constitutionality of lethal injection as a means of execution did not constitute an unreasonable application of Supreme Court precedent.

The Supreme Court's decision in *Glossip* does not alter our precedent. *Glossip* concerned a 42 U.S.C. § 1983 action challenging Oklahoma's execution protocol. . . .

Lastly, notwithstanding the warden's observation that a method-of-execution challenge can only be brought in a § 1983 action under *Hill v. McDonough*, 547 U.S. 573 (2006), Adams can bring this claim in a § 2254 proceeding. As the warden submits, *Glossip* stated that *Hill* "held that a method-of-execution claim must be brought under § 1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence." *Glossip*, 135 S. Ct. at 2738. As we observed in *Adams*, 644 F.3d at 483, however, Adams's case is distinguishable from *Hill* because Adams argues that lethal injection cannot be administered in a constitutional manner, and his claim "could render his death sentence effectively invalid." *Cf. Hill*, 547 U.S. at 580. Our decision in *Adams* is consistent with the Supreme Court's reasoning in *Nelson*, which suggested that, under a statutory regime similar to Ohio's, "a constitutional challenge seeking to permanently enjoin the use of lethal injection may amount to a challenge to the fact of the sentence itself." 541 U.S. at 644. Thus, to the extent that *Adams* challenges the constitutionality of lethal injection in general and not a particular lethal-injection protocol, his claim is cognizable in habeas. *Adams*, 644 F.3d at 483. However, as the Supreme Court observed in *Glossip*, a challenge to a particular procedure that concedes the possibility of an acceptable alternative procedure is properly brought in a § 1983 action. *Glossip*, 135 S. Ct. at 2738.

*Adams v. Bradshaw*, 826 F.3d 306, 318-21 (6th Cir. 2016), *cert den. sub nom. Adams v. Jenkins*, 137 S. Ct. 814, 196 L. Ed. 2d 602 (2017)(*Adams III* ). By denying certiorari, the Supreme Court passed up a chance to clarify the meaning of *Glossip* as it relates to bringing lethal injection claims in habeas corpus.

As this Magistrate Judge understands it, the current state of the law in the Sixth Circuit after *Adams III* is that habeas corpus will lie to challenge "the constitutionality of lethal injection in general" to wit, that "lethal injection cannot be administered in a constitutional manner, and [that] claim 'could render [Petitioner's] death sentence effectively invalid.'" *Adams III*, *quoting Hill v. McDonough*, 547 U.S. at 580.

*Adams III* supports the cognizability of Hughbanks' new proposed lethal injection claim which is a general claim of the type recognized as valid in *Adams III* : "no matter what protocol it uses, Ohio cannot constitutionally execute me under the Eighth Amendment." It is not per se claims of the form "lethal injection is always and everywhere unconstitutional." Such a claim would be precluded by precedent, as *Adams III* recognizes. The Warden's assertion that the proposed Ground for Relief fails to state a claim on which habeas corpus relief can be granted is overruled on the basis of *Adams III* .

**Statute of Limitations**

The Warden asserts this new Ground for Relief is barred by the statute of limitations, 28 U.S.C. § 2244(d), because Hughbanks' conviction "has been final for more than a decade." (ECF No. 204, PageID 15860).

Hughbanks' response is to point to Ohio's current lethal injection protocol, adopted October 7, 2016, and this Court's findings of fact and conclusions of law regarding that method of execution in *In re: Ohio Execution Protocol Litig (Phillips, Tibbetts, & Otte)*, ___ F. Supp. 3d ___, 2017 U.S. Dist. LEXIS 11019 (S.D. Ohio Jan 26, 2017)(Merz, M.J.), *affd., In re: Ohio Execution Protocol*, ___ F.3d ___, 2017 U.S. App. LEXIS 5946 (6th Cir. Apr. 6, 2017).

7

Hughbanks argues that these occurrences and perhaps others are "newly arising factual predicates" for habeas corpus relief which "require amendment of his lethal injection claim for relief." (Reply, ECF No. 209, PageID 15875)

**Newly Discovered Facts versus Newly Arising Claims**

While these and other new facts may well be relevant to litigating Hughbanks' general lethal injection invalidity habeas corpus claim, that does not mean that such a claim is newly arising every time new relevant facts occur or are discovered.

However, the affirmance in Ada*ms III* of the cognizability decision made in *Adams I* does not logically imply that all the procedural incidents of the *Adams I* period are now reinstated. The fact that a general lethal injection invalidity claim can be pleaded in habeas does not imply that a new general lethal injection invalidity claim arises every time the protocol changes or some other relevant facts occur. If the claim is truly general – Ohio can never constitutionally execute me by lethal injection no matter what changes it makes in the protocol or administration of the protocol – that claim arises when a person is sentenced to be executed by lethal injection in Ohio. *Adams III* plainly implies that later-discovered or indeed later-occurring evidence may be introduced in habeas to prove the general invalidity claim. But it does not imply that a new general invalidity claim arises every time a relevant fact changes.

The Sixth Circuit has held that the statute of limitations for § 1983 lethal injection claims begins to run anew every time the protocol is amended. *Cooey (Beuke) v. Strickland*, 604 F.3d 939, 942 (6th Cir. 2010). During the period when *Adams I* was the governing decision, this Court was extending that holding to habeas, but without a good legal basis for doing so. Section 1983

litigation, at least in the capital context, is forward looking. Thus every time the State adopts a new arguably unconstitutional practice, on death row or elsewhere, the two-year limitations period for challenging that new practice begins.

The general law, made outside the death penalty context, is that in all constitutional tort actions, the court borrows the statute of limitations for personal torts from the State where the claim arose. *Hardin v. Straub,* 490 U.S. 536 (1989). The statute of limitations under Ohio law for actions brought pursuant to 42 U.S.C. § 1983 is two years. Ohio Revised Code § 2305.10. *Nadra v. Mbah*, 119 Ohio St. 3d 305 (2008); *Banks v. City of Whitehall*, 344 F.3d 550, 551 (6th Cir. 2003), *citing Browning v. Pendleton,* 869 F.2d 989 (6th Cir. 1989)(*en banc*). The statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Trzebuckowski v. City of Cleveland,* 319 F.3d 853, 856 (6th Cir. 2003), citing *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516 (6th Cir. 1997), quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). In determining when the cause of action accrues in § 1983 cases, the Sixth Circuit looks to the event that should have alerted the typical lay person to protect his or her rights. *Id. citing Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991). *See also Bell v. Ohio State University,* 351 F.3d 240, 247 (6th Cir. 2003); *Hughes v. Vanderbilt University*, 215 F.3d 540, 548 (6th Cir. 2000).

While this logic is fully applicable to § 1983 actions, the statute of limitations for habeas cases, 28 U.S.C. § 2244(b), is completely a creature of federal law. In habeas in general, the cause of action arises from the imposition of an unconstitutional detention; under § 2254 from detention pursuant to an unconstitutional state court judgment. The cause of action arises when the sentence is imposed. Of course it does not become final until some later date for purposes of starting the running of the statute of limitations. Neither Hughbanks nor the other death row

inmates with whom he shares counsel has argued how their "newly arising claims" theory fits within 28 U.S.C. § 2244(b).

Thus this Court declines to accept the rule that a habeas corpus lethal injection invalidity claim "arises" for limitations purposes every time the Ohio protocol is amended or some other fact relevant to the claim occurs.

In *Adams III* and previously, the Sixth Circuit has held that evidence obtained by a death row inmate in a parallel § 1983 action can be used in support of a habeas corpus lethal injection invalidity claim. See *Scott v. Houk*, 760 F.3d 497 (6th Cir. 2014); *accord, Frazier v. Jenkins,* 770 F.3d 485 (6th Cir. 2014). Hughbanks is a plaintiff in *In re: Ohio Execution Protocol Litig.*, Case No. 2:11-cv-1016, and can use evidence gathered there in support of his habeas lethal injection claim.

Having rejected the "newly arising" theory of the statute of limitations, the Magistrate Judge believes Hughbanks, as well as other capital habeas petitioners, is entitled to equitable consideration of his situation. The state of the law on this point has been confused during the time this case has been pending. Until *Adams I* it was reasonable for counsel to understand that method of execution claims had to be brought in § 1983 proceedings. Following *Adams I*, this Court accepted the extension of the logic of that case and of *Cooey v. Strickland*, 604 F.3d 939 (6th Cir. 2010), that not only did new § 1983 claims arise whenever the protocol was amended, but so did habeas claims on the same substantive basis. On that basis, counsel could reasonably have concluded they had a year from adoption of a new protocol to amend a client's habeas petition to add claims "newly arising" under that new protocol. Although this Court has now concluded on the basis of *Adams III* and *Landrum* that the cognizability, second-or-successive, and limitations questions must be kept separate, capital habeas petitioners should not be

penalized for following the Court's lead during that period between *Adams I* and *Adams III*. The State of Ohio has not claimed any prejudice would result from this approach since it will have to litigate the lethal injection invalidity question in the § 1983 case in any event.

**Conclusion**

For the reasons set forth above, Hughbanks' Motion for Leave to File an Amended Petition (ECF No. 203) is GRANTED. He shall file not later than April 24, 2017, a Third Amended Petition including all (but only) the grounds for relief he has been permitted to plead heretofore.

April 12, 2017.

s/ *Michael R. Merz*

United States Magistrate Judge