# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

GARY HUGHBANKS,

        Petitioner,       :    Case No. 1:07-cv-111

  - vs -

                                    Magistrate Judge Michael R. Merz

STUART HUDSON, Warden,

                               :

        Respondent.

## DECISION AND ORDER ON MOTION TO DISMISS LETHAL INJECTION AS-APPLIED CLAIMS

This capital habeas corpus case is before the Court on the Warden's Motion to Dismiss Lethal Injection As-Applied Claims (ECF No. 215). Petitioner opposes the Motion (ECF No. 218) and the Warden has filed a Reply in support (ECF No. 219).

Although a motion to dismiss involuntarily for failure to state a claim is classified as dispositive by 28 U.S.C. § 636(b), the parties have unanimously consented to plenary magistrate judge jurisdiction under 28 U.S.C. § 636(c) (ECF No. 13).

The claims sought to be dismissed are included in Petitioner's Third Amended Petition (ECF No. 213). The Third Amended Petition was filed pursuant to permission granted in the Corrected Decision and Order on Motion to Amend (ECF No. 212)(reported at *Hughbanks v. Hudson*, 2017 U.S. Dist. LEXIS 56005 (S.D. Ohio Apr 12, 2017)). In granting leave to amend, the Court applied the general standard enunciated in *Foman v. Davis*, 371 U.S. 178 (1962), as against the Warden's claim that the amendment would be futile because the added claim (Ground

1

Twenty-Two) would be subject to dismissal under Fed. R. Civ. P. 12(b)(6) as untimely and for failing to state a claim on which habeas corpus relief could be granted. The Court overruled the Warden's cognizability objection on the basis of *Adams v. Bradshaw*, 826 F.3d 306, 318-21 (6th Cir. 2016), *cert den. sub nom. Adams v. Jenkins*, 137 S. Ct. 814, 196 L. Ed. 2d 602 (2017)(*Adams III* ). As to the statute of limitations defense, the Court held Hughbanks was entitled to equitable tolling for the time during which this Court was interpreting *Adams I* [1] in a manner completely parallel to the process seen in § 1983 capital litigation (ECF No. 212, PageID 15896-900).

As he did in opposing the proposed amendment in the first place, the Warden moves to dismiss on the basis that Ground Twenty-Two is not cognizable in habeas and is barred by the statute of limitations (Motion, ECF No. 215). Hughbanks responds that the rulings in the Corrected Decision are now the law of the case (ECF No. 218). The Warden replies by noting that Fed. R. Civ. P. 54 makes all decisions before final judgment to be interlocutory and notes that he must file a 12(b)(6) motion now, before pleading, or lose the chance to do so altogether (ECF No. 219).

## Analysis

**Cognizability**

The Twenty-Second Ground for Relief in the Third Amended Petition reads:

---

[1] There are three published opinions of the Sixth Circuit in Stanley Adams habeas corpus case: *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011); *Adams v. Bradshaw*, 817 F.3d 284 (6th Cir. March 15, 2016); and *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. June 13, 2016), referred to herein as *Adams I, Adams II*, and *Adams III* respectively.

> **Twenty-Second Claim for Relief:** Gary Hughbanks Execution Under Ohio Law Will Violate The Eighth Amendment Because Any Method That The Ohio Department Of Corrections And Rehabilitation Employs Has A Substantial, Objectively, Intolerable Risk Of Causing Unnecessary, Severe Pain, Suffering Degradation, Humiliation, And/Or Disgrace.

(ECF No. 213, PageID 15907.)

The Warden asserts this claim for relief is not cognizable on the same basis as this Court articulated in *Turner v. Warden,* 2016 U.S. Dist. LEXIS 6019 (S.D. Ohio Jan 19, 2016). In that decision, the Magistrate Judge reversed course, relying on his reading of *Glossip v. Gross,* 135 S. Ct. 2726 (2015):

> In light of *Glossip*, this Court's prior treatment of lethal injection claims in habeas corpus requires severe modification. The Court has previously relied on a broad reading of *Adams, supra*, in permitting method-of-execution claims to be brought in habeas, regardless of whether the same claims were simultaneously pending in a § 1983 action. As Judge Frost of this Court wrote when confronted with the same argument, "*Glossip* undeniably upends this practice." *Henderson v. Warden*, No. 1:12-cv-703, 136 F. Supp. 3d 847, 2015 U.S. Dist. LEXIS 134120 *9 (S.D. Ohio, Sept. 30, 2015). The undersigned has already reached the same conclusion, writing "[t]his Court's broad reading of *Adams* is inconsistent with the Supreme Court's ruling in *Glossip*. . ." *Henness v. Jenkins*, No. 2:14-cv-2580, 2015 U.S. Dist. LEXIS 148195, 2015 WL 666624 *5 (S.D. Ohio, Nov. 2, 2015).

*Id.* at *17. But this Court was "wrong"[2] in its reading of *Glossip*. In *Adams III*, the Sixth Circuit denied *Glossip* had fundamentally changed the result in *Adams I* and continued to allow lethal injection claims to be made in habeas despite the pendency of substantively identical claims being made by the same death row inmate in a pending § 1983 case. If *Adams III* is a

---

[2] In The Path of the Law, 10 Harv. L. Rev. 457 (1897), reprinted at 110 Harv. L. Rev. 991 (1997), Justice Holmes wrote that "The object of our study [of law], then, is prediction, the prediction of the incidence of the public force through the instrumentality of the courts." *Id.* at 997. To the extent this theory of the law applies to trial court behavior, Judge Frost and I were wrong in predicting how the Sixth Circuit would read *Glossip*.

misreading of *Glossip*, the Supreme Court passed up a chance to correct it by denying certiorari in *Adams III*. That is why the cited decision in *Turner* was withdrawn shortly after the Sixth Circuit handed down *Adams II*. (See ECF No. 268 in Case No. 2:07-cv-595). In the Corrected Decision, the Magistrate Judge relied on his reading of *Adams III* to allow the amendment:

> As this Magistrate Judge understands it, the current state of the law in the Sixth Circuit after *Adams III* is that habeas corpus will lie to challenge "the constitutionality of lethal injection in general" to wit, that "lethal injection cannot be administered in a constitutional manner, and [that] claim 'could render [Petitioner's] death sentence effectively invalid.'" *Adams III, quoting* Hill v. McDonough, 547 U.S. at 580.
>
> *Adams III* supports the cognizability of Hughbanks' new proposed lethal injection claim which is a general claim of the type recognized as valid in *Adams III* : "no matter what protocol it uses, Ohio cannot constitutionally execute me under the Eighth Amendment." It is not per se claims of the form "lethal injection is always and everywhere unconstitutional." Such a claim would be precluded by precedent, as *Adams III* recognizes. The Warden's assertion that the proposed Ground for Relief fails to state a claim on which habeas corpus relief can be granted is overruled on the basis of Adams III .

2017 U.S. Dist. LEXIS at *8-9.

The Warden argues this reading of *Adams III* is wrong. He asserts that the Sixth Circuit's citations to *Hill v. McDonough,* 547 U.S. 573 (2006), and *Nelson v. Campbell,* 541 U.S. 637 (2004), were only meant to show how lethal injection claims are properly pled in § 1983, not in habeas.

The Warden asserts that the only sentence in *Adams III* which speaks to habeas cognizability is the following: "Thus, to the extent that Adams challenges the constitutionality of lethal injection in general, and not a particular lethal-injection protocol, his claim is cognizable in habeas." (Motion, ECF No. 215, PageID 16140). The Warden argues for a plain meaning reading of this sentence, asserting

4

> This single sentence formulation by the *Adams III* Court of what is an appropriate pleading in habeas is simple, basic, and not complicated. It means what it says, and no more. This passage in Adams III is fairly read to say "challenges … [to] a particular lethal injection protocol" are not cognizable in habeas. This rule is easy to read and easy to understand.
>
> The formulation of a rule for cognizability in a § 2254 habeas action that is governed by a mere denial of the constitutionality of any possible lethal injection protocol would stand in direct contradiction to the "general challenge" contemplated in *Adams III*. Moreover, a denial of the constitutionality of any lethal injection protocol is nothing more that a refusal to recognize binding precedent by the United States Supreme Court.

*Id.* at PageID 16140-41. The Warden does not formulate what a general habeas challenge to lethal injection of the sort undoubtedly authorized by *Adams III* would look like. Instead, he asserts that all Hughbanks and other capital habeas litigants in Ohio are doing is making

> challenges to "a particular lethal injection protocol," illustrated with supposed "botched executions" to supposedly show the shortcomings of "a particular lethal injection protocol." This factor absolutely disqualifies Hughbanks' proposed pleadings from cognizability in a § 2254 habeas action under Adams III. Instead, Hughbanks' pleadings, emphasizing the details and particulars of execution events, the ongoing revision of execution protocols, and the various formulations of lethal drugs, is a serial challenge to "a particular lethal injection protocol" that the Adams III Court says belongs in a § 1983 action.

*Id.* at PageID 16143.

The undersigned has written at length and repeatedly on why the *Adams v. Bradshaw* decisions do not completely collapse the procedural distinctions between § 1983 and habeas litigation, including in the Corrected Decision here. (See *Hughbanks v. Hudson*, 2017 U.S. Dist. LEXIS 56005 at *9-12.) But the *Adams III* court knew that Stanley Adams was a plaintiff in *In re: Ohio Execution Protocol Litig*., Case No. 2:11-cv-1016. While it could have remanded him

to pursue relief in that case alone, it did not do so. Instead, it held that a general challenge to lethal injection that was not a per se challenge was cognizable in habeas because it could result in habeas relief – vacation of an inmate death sentence altogether. The best this Court has been able to do in formulating what such a claim would look like is of the form "Ohio can never execute me by lethal injection" because of deficiencies in Ohio's behavior and my particular characteristics. Ground Twenty-Two fits that form and is therefore cognizable in habeas.

**Statute of Limitations**

In opposing the proposed amendment to add Ground Twenty-Two, the Warden asserted the amendment would be futile because the statute of limitations had long since expired. Petitioner responded with the theory that a new habeas claim arises at least every time Ohio amends its lethal-injection protocol and indeed every time new relevant facts occur or are discovered. The Court rejected that argument. *Hughbanks v. Hudson*, 2017 U.S. Dist. LEXIS 56005, *9-12. However, the Court also found

> Hughbanks, as well as other capital habeas petitioners, is entitled to equitable consideration of his situation. The state of the law on this point has been confused during the time this case has been pending. Until *Adams I* it was reasonable for counsel to understand that method of execution claims had to be brought in § 1983 proceedings. Following *Adams I*, this Court accepted the extension of the logic of that case and of *Cooey v. Strickland*, 604 F.3d 939 (6th Cir. 2010), that not only did new § 1983 claims arise whenever the protocol was amended, but so did habeas claims on the same substantive basis. On that basis, counsel could reasonably have concluded they had a year from adoption of a new protocol to amend a client's habeas petition to add claims "newly arising" under that new protocol. Although this Court has now concluded on the basis of *Adams III* and *Landrum* that the cognizability, second-or-successive, and limitations questions must be kept separate, capital habeas petitioners should not be penalized for

> following the Court's lead during that period between *Adams I* and *Adams III*. The State of Ohio has not claimed any prejudice would result from this approach since it will have to litigate the lethal injection invalidity question in the § 1983 case in any event.

Id. at *13-14.

The Warden argues first that Ground Twenty-Two is barred under 28 U.S.C. § 2244(d). He notes that Hughbanks' original Petition did not include any lethal injection invalidity claim and none was added until five years later (Motion, ECF No. 215, PageID 16134). The Court allowed amendment in 2012 based on its then-understanding, now corrected, of parallels between habeas and § 1983 procedure and found the amendment "timely because brought within one year of the various 2011 revisions to Ohio's lethal injection protocol . . . ." (ECF No. 131, PageID 1800).

That misunderstanding was long-held and often acted on in capital cases in this District, both by the undersigned and a number of District Judges. The State had no way to correct that view, given that there were no final judgments in cases on which it was acted on. On the other hand, the existence of that misunderstanding and its misleading effect on capital habeas petitioners is what led this Court to conclude Hughbanks (and others) was entitled to equitable tolling of the time during which the Court was operating under that misunderstanding.

The Warden asserts equitable tolling is only available to excuse habeas petitioner inaction and Hughbanks has been actively litigating this case since 2007 (Motion, ECF No. 215, PageID 16136, citing *Allen v. Yukins*, 366 F.3d 396 (6th Cir. 2004), and *Jurado v. Burt*, 337 F.3d 368 (6th Cir. 2003). In both of those cases, the Sixth Circuit refused equitable tolling when delay was the result of attorney error.

In his Reply, the Warden relies heavily on *Holland v. Florida,* 560 U.S. 631 (2010), the case in which the Supreme Court expressly recognized that the equitable tolling doctrine applies

7

to the habeas corpus statute of limitations. The Warden emphasizes that branch of the Holland ruling which requires "that some extraordinary circumstance stood in his way and prevented timely filing," *Id.* at 649, and claims that nothing stood in Hughbanks' way (ECF No. 219, PageID 16153). But the Supreme Court has not given us a catalogue of what those extraordinary circumstances might be and has repeatedly held that equitable principles govern habeas corpus generally, not just the statute of limitations. See *Scvhlup v. Delo*, 513 U.S. 298, 319 (1995), citing, e.g., *Sanders v. United States*, 373 U.S. 1 (1963); *United States ex rel Smith v. Baldi,* 344 U.S. 561, 573 (1953), *Fay v. Noia*, 372 U.S. 391, 438 (1963), *Ex parte Watkins*, 28 U.S. 193, 202 (1830)(Marshall, C.J.).

If the finding must be explicit, then the Court finds that the confused state of the law on habeas pleading of lethal injection claims from *Adams I* in 2011 through *Glossip* to *Adams III* in early 2017 after certiorari was denied and until the mandate issued was an extraordinary circumstance. The Court has exercised its equitable power to excuse Petitioner's failure during that period to plead a general lethal injection invalidity claim of the sort authorized in *Adams III* .

The Warden emphasizes that lack of prejudice to one of the parties is not, standing alone, a justification for equitable tolling, and the Court agrees. But the Warden also has not shown any prejudice. Hughbanks is a plaintiff in the Protocol case and the State must defend that litigation as well. There is no execution date set for Hughbanks, and presumably the thirty-three death row inmates who have execution dates through March 24, 2021, will have to have their cases adjudicated before Hughbanks could be reached for execution. Thus the lack of prejudice supports the finding of equitable tolling here.

The Warden's Motion to Dismiss is therefore DENIED.

June 22, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge