# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

GARY HUGHBANKS,

        Petitioner,        :        Case No. 1:07-cv-111

  - vs -

                                            Magistrate Judge Michael R. Merz

STUART HUDSON, Warden,

                                     :

        Respondent.

# DECISION AND ORDER GRANTING MOTION TO DISMISS LETHAL INJECTION CLAIM

This capital habeas corpus case is before the Court on the Warden's Motion to Dismiss Lethal Injection Claims (ECF No. 226). Petitioner opposes the Motion (ECF No. 239) and the Warden has orally waived an opportunity to file a reply memorandum.

The claims sought to be dismissed are included in Petitioner's Third Amended Petition (ECF No. 213). The Third Amended Petition was filed pursuant to permission granted in the Corrected Decision and Order on Motion to Amend (ECF No. 212)(reported at *Hughbanks v. Hudson*, 2017 U.S. Dist. LEXIS 56005 (S.D. Ohio Apr 12, 2017)). In granting leave to amend, the Court applied the general standard enunciated in *Foman v. Davis*, 371 U.S. 178 (1962), as against the Warden's claim that the amendment would be futile because the added claim (Ground Twenty-Two) would be subject to dismissal under Fed. R. Civ. P. 12(b)(6) as untimely and for failing to state a claim on which habeas corpus relief could be granted. The Court overruled the

1

Warden's cognizability objection on the basis of *Adams v. Bradshaw (Adams III)*, 826 F.3d 306, 318-21 (6th Cir. 2016), *cert den. sub nom. Adams v. Jenkins*, 137 S.Ct. 814, 196 L. Ed. 2d 602 (2017) (*Adams III*).

The Warden's Motion essentially seeks reconsideration of the Court's prior denial of dismissal on the basis of two Sixth Circuit decisions, *In re: Tibbetts*, 869 F.3d 403 (6th Cir. 2017); and *In re Campbell,* ___ F.3d ___, 2017 U.S. App. LEXIS 21094 (6th Cir. Oct. 25, 2017).

## Analysis

The Twenty-Second Ground for Relief in the Third Amended Petition reads:

> **Twenty-Second Claim for Relief:** Gary Hughbanks [sic] Execution Under Ohio Law Will Violate The Eighth Amendment Because Any Method That The Ohio Department Of Corrections And Rehabilitation Employs Has A Substantial, Objectively, Intolerable Risk Of Causing Unnecessary, Severe Pain, Suffering Degradation, Humiliation, And/Or Disgrace.

(ECF No. 213, PageID 15907.)

This Court's prior treatment of lethal-injection-invalidity claims in habeas corpus was based on its reading of the set of decisions by the Sixth Circuit in Stanley Adams' habeas corpus case from the Northern District of Ohio, *Adams v. Bradshaw,* 644 F.3d 481, 483 (6th Cir. 2011); *Adams v. Bradshaw*, 817 F.3d 284 (6th Cir. March 15, 2016); and *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. June 13, 2016), referred to herein as *Adams I, Adams II,* and *Adams III* respectively.

In *Adams I*, the Sixth Circuit held, over Ohio's objection, that a challenge to a method of execution could be brought in habeas corpus as well as in an action under 42 U.S.C. § 1983. This Court followed *Adams I* until the Supreme Court decided *Glossip v. Gross*, 135 S.Ct. 2726

(2015). In *Glossip*, Justice Alito interpreted *Hill v. McDonough,* 547 U.S. 573 (2006), as holding "a method of execution claim must be brought under § 1983 . . . ." 135 S.Ct. at 2738.

After *Glossip*, this Court reversed course. Judge Frost put it succinctly: "This Court and other courts within this District have since relied on *Adams* [*I*] in accepting the proposition that method-of-execution claims properly sound in habeas corpus. *Glossip* now undeniably upends that practice." *Henderson v. Warden*, 136 F. Supp. 3d 847, 851 (S.D. Ohio 2015).

Then, in March 2016, came *Adams II* in which the Sixth Circuit held that "The Supreme Court's decision in *Glossip* does not alter our precedent." 817 F.3d at 297. The State sought "clarification" of *Adams II* and the Sixth Circuit published *Adams III* in June 2016 again recognizing a category of lethal-injection-invalidity claims which could be brought in habeas. Offered a chance to clarify what it had meant in *Glossip*, the Supreme Court denied certiorari in *Adams III*. *Adams v. Jenkins*, 137 S.Ct. 814, 196 L. Ed. 2d 602 (2017). After certiorari was denied, the Sixth Circuit issued its mandate in *Adams III* and this Court understood it was back where it had been under *Adams I* in 2011, to wit, that there was a class of lethal-injection-invalidity claims which, if successful, would render a particular petitioner's death sentence invalid. It was on that reading of *Adams III* that the Magistrate Judge granted in part the instant Motion to Amend (ECF No. 275, PageID 3993).

*Campbell* again changes the analysis. Interpreting *Glossip*, the circuit court held:

> *Glossip* therefore closed the hypothetical door left open by *Nelson, Hill*, and *Adams II*. No longer can a method-of-execution claim impair a death sentence itself. And since a method-of-execution claim can no longer "attack the validity of the prisoner's conviction or death sentence," a habeas court cannot act upon it. *Id.* at 2738.
> 
> Thus, the *Glossip* Court necessarily barred all habeas petitions challenging "a particular application of a particular protocol to a particular person" as unconstitutionally painful. *In re Tibbetts,* 869

3

F.3d 403, 406 (6th Cir. 2017). These challenges are properly remedied by an injunction prohibiting the state from *taking certain actions*, rather than a writ of habeas corpus that vacates the sentence entirely.

*Campbell,* 2017 U.S. App. LEXIS 21094 at *11-12 (emphasis in original). The *Campbell* court noted the language in *Adams III* on which capital petitioners and this Court have relied to justify pleading lethal-injection-invalidity claims in habeas and declared that language to be non-binding dictum. *Id.* at *15. It concluded further:

> [T]o the extent that *Adams III* purported to permit *Baze*-style habeas claims that refuse to concede the possibility of an acceptable means of execution, it is not controlling. Since *Glossip's* holding directly addressed that question, it is binding on us, and we follow it today. In doing so, we do not intend to diminish the importance or correctness of the holding in *Adams II* that § 1983 and habeas are not mutually exclusive as a per se rule. All *Baze* and *Glossip* require is that— in the peculiar context of method-of-execution claims—the death-row inmate must proceed under § 1983.

*Campbell, supra*, at *15.

In allowing amendment to add lethal injection invalidity claims, this Court was attempting to follow *Adams III* faithfully. Because *Adams III* was written to clarify *Adams II* at the request of one of the parties, this Court assumes the added language in *Adams III* was carefully chosen. Moore's Federal Practice notes, however, that "it is not always clear what the holding is in a particular case" because "[h]oldings may be given broad or narrow interpretations." 18 James Wm. Moore et al., Moore's Federal Practice §134.03[2] (3d ed. 1999). Even language that is dictum may be carefully chosen. In any event, if the relevant language in *Adams III* does not, per *Campbell*, bind subsequent Sixth Circuit panels, it does not bind this Court.

4

Hughbanks attempts to avoid the impact of *Campbell* by asserting its treatment of cognizability is dictum (Response in Opposition, ECF No. 239, PageID 16515-17). He notes that the issue before the *Campbell* panel was whether Campbell satisfied the requirements of 28 U.S.C. § 2244(b)(2) and concludes "[b]ecause the panel need not have addressed the cognizability issue in order to rule on the § 2244(b)(2) issue, the portion of its opinion addressing cognizability is dicta." *Id.* at PageID 16515.

In *Campbell* the Sixth Circuit recognized the procedural tangle created by *Adams II* and *Adams III* when considered with *Glossip* and set out to "clarify the standard," "[b]ecause the law on this subject is not clear and has been the subject of several recent, published decisions by this Circuit and the Supreme Court." *Campbell* at *5.

The *Adams III* court did not label what it had to say about cognizability as dictum. Now the *Campbell* court has applied that label, but in an opinion in which it said more than it had to to decide the case before it. It may be that some future panel of the Sixth Circuit or that court *en banc* or the Supreme Court will agree with Hughbanks that what the *Campbell* court said on cognizability was dictum. Until that happens, however, this Court is free to follow *Campbell*, even if it is not obliged to do so.

The Court chooses to follow *Campbell* because *Campbell's* clarification makes sense of *Glossip*. The capital petitioners' bar has never explained to the satisfaction of this Court how the unavailability of a constitutional method of lethal injection could render a death sentence invalid. If each and every method of lethal injection Ohio adopts cannot be constitutionally applied to Mr. Hughbanks or indeed to any other death-sentenced person, then that person is entitled to a permanent injunction against his being executed by any of those methods. That is relief properly available in an action under 42 U.S.C. § 1983, as the *Campbell* court recognized. Hughbanks is

a plaintiff in just such a case in this Court, *In re: Ohio Execution Protocol Litig.,*, Case No. 2:11-cv-1016 (the "Protocol Case"). The Protocol Case and its predecessors challenging Ohio's chosen method(s) of execution have been pending since very shortly after the Supreme Court authorized such challenges in § 1983 litigation in *Nelson v. Campbell,* 541 U.S. 637 (2004). Although the *Adams v. Bradshaw* court authorized habeas claims of the sort now dismissed, it never explained why a death row inmate should be permitted to pursue substantively identical[1] claims in both § 1983 and habeas simultaneously.

*Campbell* is right or binding or both and is followed here. Hughbanks' Twenty-Second Claim for Relief is DISMISSED. However, the dismissal is without prejudice to his pursuit of the method-of-execution constitutional claims in the Protocol Case.

November 13, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[1] The Court has of course heard the petitioners' bar repeatedly say that the claims are not substantively identical because an alternative method must be pleaded in § 1983 and need not be pleaded in habeas. It is the underlying constitutional theories which are usually identical.