# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

GARY HUGHBANKS,

        Petitioner,      :      Case No. 1:07-cv-111

- vs -

                                 Magistrate Judge Michael R. Merz

STUART HUDSON, Warden,

                             :

        Respondent.

# DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION

This capital habeas corpus case is before the Court on Petitioner Gary L. Hughbanks, Jr.'s Motion for Reconsideration (ECF No. 246) which Stuart Hudson, the Respondent Warden, opposes (ECF No. 249).

Although a post-judgment motion of this sort is "dispositive" within the meaning of the Federal Magistrates Act of 1968, the parties in this case unanimously consented to plenary Magistrate Judge jurisdiction under 28 U.S.C. § 636(c) and the case was referred on that basis.

Neither the Federal Rules of Civil Procedure nor the Rules Governing § 2254 Cases speak to motions for reconsideration thus labeled. When a motion for reconsideration is filed after final judgment in a case, the practice in this Court is to treat it as a motion to amend the judgment under Fed. R. Civ. P. 59(e) if it is timely filed under that rule ("no later than 28 days after the entry of the judgment"), or a motion for relief from judgment under Fed. R. Civ. P. 60(b) if it is filed later.

Courts disfavor motions for reconsideration because they consume a court's scarce time

for attention to a matter that has already been decided. They are subject to limitations based on that disfavor.

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), cert. denied, 476 U.S. 1171, 90 L. Ed. 2d 982 (1986).

*Meekison v. Ohio Dep't of Rehab. & Corr.*, 181 F.R.D. 571, 572 (S.D. Ohio 1998) (Marbley, J.). Despite this disfavor, courts have inherent authority to reconsider interlocutory orders in order to avoid, for example, locking a manifest error of law in place.

In contrast to interlocutory orders, a district court's authority to reconsider a final judgment is strictly limited. Fed. R. Civ. P. 59(e) provides that a motion to amend the judgment must be filed within twenty-eight days after the entry of judgment. Fed. R. Civ. P. 6(b)(2) specifically prohibits extending that time for filing a motion under Fed. R. Civ. P. 59(e): "A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."

Final judgment in this case was entered September 7, 2018 (Decision and Order, ECF No. 243). The instant Motion for Reconsideration was filed on the twenty-eighth day thereafter, October 5, 2018. Thus, the Motion is timely if treated as a motion to amend the judgment.[1]

The standard for granting a motion to amend the judgment is parallel to that for granting any motion for reconsideration.

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see*[*Sault Ste. Marie Tribe of Chippewa Indians v. Eggler,* 146 F.3d 367, 374 (6th Cir. 1998)], newly discovered

---

[1] The Motion would also be timely if treated as a motion for relief from judgment under Fed. R. Civ. P. 60(b). However, the Court would lack jurisdiction to decide it because Petitioner has also filed a Notice of Appeal (ECF No. 244).

2

> evidence, *see id.*, an intervening change in controlling law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3rd Cir. 1995).

*Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999), accord: *Nolfi v. Ohio Ky. Oil Corp.,* 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe,* 146 F.3d at 374 (citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.* Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id.*

Petitioner's instant Motion is not directed to any portion of the Court's decision on the merits of his Claims for Relief (ECF No. 246, Page ID 16655-56). Rather it is directed entirely to the Court's decision that "no reasonable jurist would find that Hughbanks 'has made a substantial showing of the denial of a constitutional right,' 28 U.S.C. § 2253(c)(2), or would disagree with this conclusion" and consequent denial of a certificate of appealability (Decision and Order, ECF No. 242, PageID 16650).

Having thus limited the scope of his Motion, Petitioner makes no argument at all in support. He does not tell the Court or the Respondent on which claims he believes he is entitled to a certificate of appealability nor cite any "reasonable jurists" who would agree with him. Instead, he asks for an additional forty-five days "to submit a memorandum in support of this Motion." Petitioner makes his assertion that this Court erred as a matter of law in completely conclusory

3

fashion; the entirety of his argument is "reasonable jurists could find that Petitioner has made a substantial showing of the denial of a constitutional right." (Motion, ECF No. 246, PageID 16655).

Such a purely conclusory claim does not constitute a substantive motion to amend under Fed. R. Civ. P. 59(e). Rather, it is a transparent attempt to get seventy-three days to make claims that the Federal Rules require to be made in twenty-eight days. In essence it treats the issue of a certificate of appealability as completely separable from decision on the merits. However, Habeas Rule 11(a) requires a district court to "issue or deny a certificate of appealability **when** it enters a final order adverse to the applicant." (emphasis supplied)

Because the Motion for Reconsideration does not make a showing of any error of law in the Court's denial of a certificate of appealability, it is DENIED. This denial is, of course, without prejudice to Petitioner's applying to the Sixth Circuit for a certificate of appealability.

October 9, 2018.

s/ *Michael R. Merz*  
United States Magistrate Judge